IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH WRIGHT, #19328-030, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 24-cv-01699-JPG |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|        Defendant. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Joseph Wright filed a Second Amended Complaint (Doc. 24) against the United States of America pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680. He seeks money damages for injuries he sustained in a fall from his top bunk at the Federal Correctional Institution in Greenville, Illinois (FCI-Greenville) on September 26, 2022. *Id*. The Second Amended Complaint is subject to preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen and dismiss any portion that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant. 28 U.S.C. § 1915A(a)-(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### Second Amended Complaint

Plaintiff sets forth the following allegations (Doc. 24, pp. 1-20): Plaintiff is an inmate in the Federal Bureau of Prisons (BOP) and is currently incarcerated at the United States Penitentiary located in Leavenworth, Kansas (USP-Leavenworth). He brings this action for the alleged "negligence [in] safety and sanitation" by staff at FCI-Greenville. *Id*. at 7. On or around September 26, 2022, Plaintiff injured his left leg, when he fell onto a locker while climbing down

1

a ladder from his top bunk.  *Id*. at 6-7.  Plaintiff blames his fall on a misplaced locker and ladder lacking a handle and slip-resistant steps.

Plaintiff underwent surgery to repair a broken fibula caused by the fall.  A titanium plate and six screws were placed in his lower left leg.  Following surgery, he was issued a wheelchair but given no other assistance with rehabilitation at the prison.  Plaintiff had to "rehab himself."  *Id*. at 7.  He continued suffering from swelling, discoloration, scarring, and pain.  After six months, he "went in" to see what could be done, and Plaintiff learned that "[a]fter the 6 months, whatever [his] leg looked and felt like was pretty much what [he] was stuck with."  *Id*.  Plaintiff still suffers from persistent pain, muscle atrophy, limited mobility, and circulation problems.  *Id*.  He blames FCI-Greenville's staff for failing to maintain safe living conditions and denying him adequate post-operative care and rehabilitation.  *Id*. at 7-8.

Plaintiff filed a BP-8, BP-9, BP-10, and BP-11.  *Id*. at 9.  He was instructed to file a tort claim, and he did so.  Plaintiff now brings a claim for money damages against the United States under the FTCA.  *Id*.

Based on the allegations, the Court finds it convenient to designate the following counts in the *pro se* Second Amended Complaint:

> **Count 1:** FTCA claim against the United States for the negligence of FCI-Greenville staff in issuing Plaintiff a bunk bed equipped with a ladder that lacked a handle and slip-resistant steps while also misplacing a locker near the bed, resulting in his fall and serious injuries to his left leg on September 26, 2022.
>
> **Count 2:** FTCA claim against the United States for the negligence of FCI-Greenville staff in denying Plaintiff necessary medical care and rehabilitation following surgery on his left fibula on or around September 26, 2022.

**Any other claim that is mentioned in the Second Amended Complaint but not addressed here is considered dismissed without prejudice as inadequately pled under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).**

## Discussion

The Federal Tort Claims Act, ("FTCA"), 28 U.S.C. §§ 1346, 2671-80, authorizes "civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). Under the FTCA, "federal inmates may bring suit for injuries they sustain in custody as a consequence of the negligence of prison officials." *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). However, the FTCA's jurisdictional grant only covers situations where the "United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Augustis v. United States*, 732 F.3d 749, 752 (7th Cir. 2013) (citations omitted). Illinois law applies here because all conduct at issue occurred in this state.

To articulate a negligence claim under Illinois law, Plaintiff must demonstrate that the defendant owed the plaintiff a duty of care, breached that duty, and the breach was the proximate cause of the plaintiff's injury and damages. *Thompson v. Gordon*, 948 N.E.2d 39, 45 (Ill. 2011) (citation omitted). Plaintiff alleges that prison staff were obligated to provide him with a safe cell that included a properly placed locker, bunk bed, and ladder with a handle and slip-resistant steps. FCI-Greenville staff failed to ensure Plaintiff's placement in a safe cell and caused him to suffer a serious injury to his left leg. At this early stage, the Second Amended Complaint sets forth sufficient allegations, construed liberally in favor of the *pro se* plaintiff, to proceed with the FTCA claim against the United States in Count 1.

The Second Amended Complaint also sets forth a claim in Count 2. Plaintiff alleges that he was released from the hospital following leg surgery with only a wheelchair. (Doc. 24). He

3

was denied all further medical care and rehabilitation. *Id*. As a result, Plaintiff suffered permanent disfigurement, injuries, and loss of use of his leg. He blames the staff at FCI-Greenville for their negligence.

Under Illinois law, a medical negligence claim must be supported by an affidavit stating that there is a reasonable and meritorious cause for litigation of the claim, and the affidavit must be supported by a physician's report that complies with the requirements of 735 ILCS § 5/2-622. Plaintiff did not include this affidavit or report with his Second Amended Complaint, and his failure to do so is not dispositive of any claims at screening. *See Young v. United States*, 942 F.3d 349 (7th Cir. 2019). To survive a motion for summary judgment on the merits of the medical negligence claim in Count 2, however, Plaintiff will need to file the appropriate affidavit or certificate of merit along with a physician's report. Count 2 shall proceed past screening against the United States.

## Disposition

**IT IS ORDERED** that the Second Amended Complaint (Doc. 24) survives screening under 28 U.S.C. § 1915A. **COUNTS 1** and **2** will receive further review against Defendant **UNITED STATES OF AMERICA**. **Because one or more claims arise from allegations of inadequate medical care, the Clerk is DIRECTED to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**IT IS ORDERED** that as for **COUNTS 1** and **2**, the Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons for service of process on Defendant **UNITED STATES OF AMERICA**. The Clerk shall issue the completed summons. Pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for

the Southern District of Illinois a copy of the summons, the Second Amended Complaint (Doc. 24), and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the Second Amended Complaint (Doc. 24), and this Memorandum and Order.

It is **FURTHER ORDERED** that Plaintiff shall serve upon the United States Attorney for the Southern District of Illinois a copy of every pleading or other document submitted for consideration by this Court. Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to the United States Attorney. Any paper received by a district judge or a magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Second Amended Complaint (Doc. 24) and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merits Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 3/10/2025**

<u>s/J. Phil Gilbert</u>
**J. PHIL GILBERT**
**United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Second Amend Complaint. After service has been achieved, the defendant will enter an appearance and file an Answer to your Second Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take **90 days** or more. When the defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, to give the defendant notice and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**